IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2046-FL

| | | |
|---|---|---|
| WILLIS LOUIS ALSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE # 9) of respondent Warden Tracy Johns ("respondent"), to which petitioner responded. For the following reasons, the court grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On August 17, 2004, petitioner pleaded guilty in the United States District Court for the Middle District of North Carolina to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). At sentencing, petitioner was determined to be an armed career criminal for purposes of 18 U.S.C. § 924(e) based on the following convictions: (1) August 14, 1990, possession with the intent to sell and deliver cocaine; (2) July 13, 1990, possession with the intent to sell and deliver cocaine; and (3) March 27, 1992, possession with the intent to sell and deliver cocaine.[1] Petitioner was sentenced to a term of one hundred eighty (180) months

---

[1] Each of petitioner's prior state court convictions were prosecuted under North Carolina's Fair Sentencing Act. Under that act, each of the petitioner's State convictions was punishable by up to ten (10) years imprisonment. See N.C. Gen. Stat. § 90-95 (possession with the intent to distribute cocaine is a Class H felony); N.C. Gen. Stat. § 14-1.1 (repealed) (Class H felonies are punishable by up to ten (10) years' imprisonment.)

imprisonment. The Fourth Circuit Court of Appeals affirmed petitioner's conviction and judgment. United States v. Alston, 166 F. App'x 57 (4th Cir. 2006).

On April 19, 2007, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied on January 25, 2008. On June 10, 2010, the Fourth Circuit denied petitioner's request to file a successive § 2255 motion.

On February 14, 2012, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. Petitioner challenges his designation as an armed career criminal in light of the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On August 22, 2012, respondent filed a motion to dismiss arguing that the court lacks subject matter jurisdiction over petitioner's action. The matter was fully briefed.

**DISCUSSION**

A.  Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368,371 (E.D.Va.1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir.1977)); Adams, 697 F.2d

2

at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

B.   Analysis

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

Petitioner seeks to use the Fourth Circuit's ruling in Simmons to establish that the law has changed so that his North Carolina state convictions no longer are predicate felonies for the purposes of the Armed Career Criminal Act. In Simmons the Fourth Circuit held that a North Carolina conviction under the state's Structured Sentencing Act qualifies as a felony only if the defendant is

3

eligible to have imposed upon him a term of imprisonment exceeding one year, taking into account his criminal history and the nature of his offense. Simmons, 649 F.3d at 249-250. In United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012), the Fourth Circuit clarified that, under Simmons, "the actual sentence imposed is irrelevant; rather the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." Id.[2]

Here, petitioner's three state convictions used to enhance his sentence pursuant to § 924(e) qualify as predicate felonies because he was subject to a potential sentence of greater than one year of imprisonment for each conviction. See N.C. Gen. Stat. §§ 90-95; 14-1.1. Thus, petitioner is unable to satisfy the second prong of the Jones test because he cannot demonstrate that the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping

---

[2] Petitioner, in his petition, cited United States v. Thompson, 826 F. Supp. 2d 863 (E.D.N.C. Oct. 12, 2011), in support of his Simmons claim. However, the district court's decision in Thompson subsequently was reversed by the Fourth Circuit Court of Appeals. United States v. Thompson, 480 F. App'x 201 (4th Cir. May 8, 2012).

4

provision.  Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 9) is GRANTED, and the action is DISMISSED without prejudice.  The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 24th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge